UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:04CR427 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DENNIS K. LUCAS, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on Defendant Dennis K. Lucas' motion for retroactive application of the crack cocaine sentencing guidelines. For the reasons stated herein and on the record, the motion is DENIED.

18 U.S.C. § 3582(c)(2) provides as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). Based upon the plain language of the statute, the Court has discretion in determining whether a sentence reduction is appropriate. *See U.S. v. McPhearson*, 303 Fed. Appx. 310, 322 ("Moreover, a district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range.") (citation omitted). Upon review of the 18 U.S.C. § 3553(a) factors, the Court finds that a reduction is not warranted herein.

It is undisputed that the crack guidelines apply to Lucas and that accordingly his offense level would be reduced two levels to level 25 if the Court chose to retroactively apply the amendment to the crack cocaine guidelines. Applying that amendment would result in a sentencing range of 63 to 78 months, as opposed to the 78 to 97 month range under which Lucas was originally sentenced.

In reviewing the 3553(a) factors, the Court finds that it would be inappropriate to reduce Lucas' sentence.

1. Nature and circumstances of the offense

Lucas was a part of a wide-ranging drug conspiracy that resulted in the indictment of a total of nineteen individuals in a 76 count indictment. With regard to his specific conduct, Lucas twice sold crack cocaine to a confidential source. Each sale involved more than 5 grams but less than 20 grams of cocaine. In addition, Lucas indicated that his conduct included selling crack to a confidential source on three to five occasions. Lucas also admitted to selling a gun and ammunition to the confidential source. The use of the firearm was included in Lucas' original guideline computation. Accordingly, the Court finds that the facts of Lucas' crime fall within the heartland of crack cocaine offenses.

2. History and characteristics of the defendant

It is Lucas' characteristics and history that warrant the denial of his motion to reduce his sentence. Lucas began his involvement with the legal system at the age of 16. At that age, Lucas was convicted of receiving stolen property and theft. At 18, Lucas was convicted of driving without a license and resisting arrest. However, Lucas' most serious offenses were pending during this matter.[1] On May 13, 2004, Lucas was arrested and charged with aggravated robbery

---

[1] The Court notes that Lucas has since been convicted and sentenced for these offenses. Consistent with U.S.S.G. § 1B1.10(b)(1), the Court has not considered this subsequent fact in reaching its decision.

and felonious assault with firearm specifications.  This pending criminal matter was particularly troubling to the Court because Lucas had indicated to probation that he had only possessed a firearm in order to sell it to the confidential source.  These pending violent felonies demonstrated to the Court that Lucas had more involvement with firearms than he had admitted.  Furthermore, they indicated a propensity for violence.

Based upon the above, the Court acknowledges its discretion to consider the retroactive application of the crack cocaine guidelines.  Having reviewed the § 3553(a) factors, the Court finds that exercising its discretion to reduce Lucas' sentence is not appropriate.  Accordingly, Lucas' motion is DENIED.

IT IS SO ORDERED.

Dated:   April 8, 2009                                          */s/ John R. Adams*
                                                                          JUDGE JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT JUDGE